# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,

    Plaintiff,

v.

ALLIED WORLD ASSURANCE COMPANY (US) INC., fka COMMERCIAL UNDERWRITERS INSURANCE COMPANY, and DOES ONE through TEN,

    Defendants.

2:11-cv-00116-LDG-LRL

**ORDER REMANDING CASE TO STATE COURT**

Plaintiff St. Paul Fire and Marine Insurance Company (hereafter "Plaintiff") filed this action in the Clark County District Court of Nevada seeking declaratory relief and equitable contribution from Allied World Assurance Company (US), Inc. fka Commercial Underwriters Insurance Company (hereafter "Defendant") with respect to Defendant's alleged duties to defend and indemnify Cedco Inc., the parties' mutually insured. Defendant subsequently removed the case to federal court (ECF No. 1). Plaintiff has now moved for an order remanding this case to state court, arguing that this Court has discretion to decline jurisdiction over the case pursuant to 28 U.S.C. § 2201(a) (ECF Nos. 10 Motion to Remand, 11 Response, 12 Reply).

**I. The Court Maintains Discretion to Decline Jurisdiction Where Contribution Claims Are Dependant on Declaratory Relief.**

Because disposing of this case requires a determination of eight declaratory relief causes of action, this Court has discretion to remand this action to state court. "In a case of actual controversy within its jurisdiction any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such

declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). This Court has already determined that where equitable contribution claims are dependent on declaratory relief, the Court maintains the discretion to decline jurisdiction under § 2201(a). *See ICW v. Great Am. Ins. Co.*, No. 2:09-CV-02150-KJD-LRL, 2010 U.S. Dist. LEXIS 103920, at *11 (D. Nev. Sep. 29, 2010) (citing *Emp'rs Reinsurance Corp. v. Karussos*, 65 F.3d 796, 800 (9th Cir. 1995) (holding that the district court retains discretion to decline jurisdiction where a grant of monetary relief is dependent on declaratory relief), *overruled on other grounds in Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1224 (9th Cir. 1998)); *see also United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1112 (9th Cir. 2001) (holding that the court has discretionary jurisdiction over claims for monetary relief that cannot be adjudicated independent of claims for declaratory relief).

Plaintiff's claims for equitable contribution are entirely dependent upon a declaration of the parties' respective obligations under their insurance policies. *See Karussos*, 65 F.3d at 800 (holding that a monetary claim for contribution of defense costs was dependent upon a declaration that one party had a duty to defend); *cf. Rodriguez v. Primadonna Co.*, 216 P.3d 793, 802-03 (Nev. 2009) (holding that a party must first be found liable before it can be required to pay equitable indemnification to another party). Without a declaration that the current distribution of costs is inequitable, there is no basis for awarding equitable contribution. *ICW*, 2010 U.S. Dist. LEXIS 103920, at *11-12. Thus, Plaintiff's claims for equitable contribution are dependent on the favorable adjudication of its declaratory relief claims. *See id.* Therefore, the Court's jurisdiction over plaintiff's entire action is discretionary, not mandatory. *See United Nat'l Ins. Co*., 242 F.3d at 1113.

**II. The Factors Established in *Dizol* and its Progeny Favor Remand**

The court must consider a variety of factors in determining whether to decline jurisdiction over a declaratory relief action, including whether hearing the case would: "(1) involve a needless

2

determination of state law issues; (2) encourage the filing of declaratory actions as a means of forum shopping; (3) risk duplicative litigation; (4) resolve all aspects of the controversy in a single proceeding; (5) serve a useful purpose in clarifying the legal relations at issue; (6) permit one party to obtain an unjust res judicata advantage; (7) risk entangling federal and state court systems; or (8) jeopardize the convenience of the parties." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1107 (9th Cir. 2011) (citing *Dizol*, 133 F.3d at 1225). The particular concerns in this case include the needless determination of state law, the considerations of judicial economy, and the risk of inconsistent rulings.

Disposing of this action requires a determination of Defendant's obligations under the terms of its insurance policies, specifically the application of the Cross-suit Endorsement, which Defendant has relied on to deny coverage. Interpretation of this language is a question of state law and one that has not been addressed by a Nevada court. Moreover, by retaining jurisdiction, this Court will not only decide a state law issue of first impression, but it will do so simultaneously with the Nevada state court. *See Assurance Co. of Am. and Federated Ins. Co. v. Allied World Assurance Co. (US) Inc.*, *fka Com. Underwriting Ins. Co.*, Nev. A-10-614774-D (8th J. Dist. Ct., Clark Cnty.); *see also Karussos*, 65 F.3d at 799 (holding that state courts are best situated to identify and enforce the policies underlying state insurance regulation); *Valley Forge Ins. v. Admiral Ins. Co.*, No. C:08-1766-JCC, 2009 U.S. Dist. LEXIS 40981, at *10 (W.D. Wash. May 1, 2009). While Defendant argues that this case does not require a needless determination of state law because this Court may exercise jurisdiction, this Court is unpersuaded that its exercise of jurisdiction, particularly in light of the pending state action, would be anything other than needless. *See Truck Ins. Exch. v. Atl. Mut. Ins. Co.*, No. C:06-04573-CRB, 2007 U.S. Dist. LEXIS 55116, at *11-12 (N.D. Cal. July 20, 2007).

Additionally, exercising jurisdiction in this case would create risks of duplicative litigation and inconsistent rulings. Although "[t]he pendency of a state court action does not itself require a

district court to refuse declaratory relief in federal court," *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991), "if there are parallel state proceedings involving the *same issues and parties* pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court," *Dizol*, F.3d at 1225 (emphasis added); *see Golden Eagle Ins. Co. v. Travelers Companies*, 103 F.3d 750, 755 (9th Cir. 1996) (to be parallel, state action must "arise from the same factual circumstances"), *overruled on other grounds in Dizol*, 133 F.3d at 1224. However, "nothing in the Declaratory Judgment Act requires a parallel state proceeding in order for the district court to exercise its discretion to decline to entertain the action." *Golden Eagle Ins. Co.*, 103 F.3d at 754; *see Wilton v. Seven Falls Co*., 515 U.S. 277 (1995) ("We do not attempt ... to delineate the outer boundaries of that discretion in other cases, for example, ... cases in which there are no parallel state proceedings."). Moreover, "a state proceeding need not be underway at the time an insurer files a declaratory judgement action to be considered parallel." *TIG Ins. Co. v. Haseko Homes, Inc.*, No. 10-00107-DAE-KSC, 2011 U.S. Dist. LEXIS 8084, at *38 (D. Haw. Jan. 11, 2010) (citing *Wilton*, 515 U.S. at 280).

While this action and the action pending in the state court are not strictly parallel because they do not arise from the same transaction or occurrence or involve the same parties, the risk of duplicative litigation remains as both actions require an interpretation of the Cross-suit Endorsement contained in Defendant's insurance contracts. *See Golden Eagle Ins. Co.*, 103 F.3d at 754 ("[I]n this circuit, we have held that practicality and wise judicial administration considerations generally counsel against the exercise the federal-court jurisdiction over claims for declaratory relief...during the pendency of a related state court proceeding.") (internal quotation marks omitted); *see also The Burlington Ins. Co. v. PSC Indus. Outsourcing, L.P.*, No. 09-CV-00587-ACK-BMK, 2010 U.S. Dist. LEXIS 135936, at *20 (D. Haw. Dec. 23, 2010) ("For purposes of abstention under the Declaratory Judgment Act, 'a state proceeding [is] parallel to a federal declaratory judgment action when: (1) the actions arise from the same factual

4

circumstances; (2) there are overlapping factual questions in the actions; or (3) *the same issues are addressed by both actions.*'") (emphasis added) (citing *Gemini Ins. Co. v. Cleaver Constr., Inc.*, No. 09-CV-00290-DAE-BMK, 2009 U.S. Dist. LEXIS 97768, at *21-22 (D. Haw. Oct. 21, 2009)). Moreover, should this Court retain jurisdiction, Defendant would litigate the exact same issue of first impression simultaneously in both state and federal court, creating a significant potential for inconsistent rulings. Therefore, in light of *Dizol*'s concerns for "judicial economy, comity, and federalism," exercising jurisdiction over this case would be imprudent. *Dizol*, 133 F.3d at 1226. Furthermore, none of the other considerations enumerated in *Dizol* and its progeny persuade this Court that the exercise of discretionary jurisdiction is appropriate in this action. Accordingly,

THE COURT HEREBY ORDERS that Plaintiff's motion to remand this case to state court (ECF No. 10) is GRANTED.

DATED this 25 day of May, 2011.

_____
Lloyd D. George
United States District Judge

5